IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LARRY RANDALL MERCER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO. 2:16-CV-196-CSC |
| | ) | (WO) |
| CAROLYN W. COLVIN, ACTING | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant | ) | |

**MEMORANDUM OPINION AND ORDER**

I. Introduction.

The plaintiff applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401 et seq. and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., alleging that he was unable to work because of a disability. His application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of

1

the Commissioner of Social Security (Commissioner).[1]  *See  Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  The case is now before the court for review pursuant to 42 U.S.C. §§ 405 (g) and 1383(c)(3).[2]  Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be reversed and the case remanded to the Commissioner for further proceedings consistent with this opinion.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...

To make this determination[3] the Commissioner employs a five step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

(1) Is the person presently unemployed?
(2) Is the person's impairment severe?
(3) Does the person's impairment meet or equal one of the specific

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

[2] Pursuant to 28 U.S.C. § 636(c), the parties have consented to entry of final judgment by the United States Magistrate Judge.

[3] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

>   impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
>   (4) Is the person unable to perform his or her former occupation?
>   (5) Is the person unable to perform any other work within the economy?
>
>   An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[4]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Ingram v. Comm. of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004). A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986). The court "may not decide the facts anew, reweigh the evidence, or substitute . . . [its] judgment for that of the

---

[4]*McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

3

[Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (alteration in original) (quotation marks omitted).

> [The court must, however,] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. The Issues

**A. Introduction.** The plaintiff was 51 years old at the time of the hearing before the ALJ. He has a grade school education but obtained a GED certificate. The plaintiff's prior work experience includes work as a insulation installer, maintenance engineer, semi-truck driver, landscape laborer and retail stocker. (R. at 96) Following the administrative hearing, the ALJ concluded that the plaintiff has impairments of affective disorder, anxiety disorder, obesity, chronic obstructive pulmonary disorder (COPD), substance use, and personality disorder. (R. at 73) The ALJ also found that the plaintiff has a "substance abuse disorder" (R. at 69) After finding that the plaintiff is disabled, the ALJ further found that the plaintiff's addictions were a contributing factor material to the determination of his disability. Therefore, the ALJ found the plaintiff not disabled. *See* 42 U.S.C. § 423(d)(2)(C).

**B. The Plaintiff's Claim.** The plaintiff raises only one claim. "Whether the Commissioner erred in applying SSR 13-2p Evaluating Cases Involving Drug Addiction and Alcoholism (DDA)."

## IV. Discussion

The Social Security Act provides, in relevant part, that "[a]n individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C) (alteration supplied). The Commissioner's regulations provide the following framework for evaluating a claimant's disability status in light of that statutory provision:

> (a) General. If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability.
>
> (b) Process we will follow when we have medical evidence of your drug addiction or alcoholism.
>
>   (1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.
>
>   (2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.

> (i) If we determine that your remaining limitations would not be disabling, we will find that your drug addiction or alcoholism is a contributing factor material to the determination of disability.
>
> (ii) If we determine that your remaining limitations are disabling, you are disabled independent of your drug addiction or alcoholism and we will find that your drug addiction or alcoholism is not a contributing factor material to the determination of disability.

20 C.F.R. § 404.1535.

The plaintiff's statement of the issue asks the court to consider whether the Commissioner erred in applying Social Security Ruling 13-2p. That Ruling was issued to "explain [the Commissioner's] policies for how we consider whether 'drug addiction and alcoholism' (DAA) is material to our determination of disability...." SSR 13-2p, 2013 WL 621536 (Feb. 20, 2013) at *1. For purposes of this case, one aspect of the Ruling, section b.ii, is important.

> ii. Evidence that shows only that the claimant uses drugs or alcohol does not in itself establish the existence of a medically determinable Substance Use Disorder. The following are examples of evidence that by itself does not establish DAA:
>
> • Self-reported drug or alcohol use.
>
> • An arrest for "driving under the influence".
>
> • A third-party report.
>
> Although these examples may suggest that a claimant has DAA—and may suggest the need to develop medical evidence about DAA—they are not objective medical evidence provided by an acceptable medical

> source. In addition, even when we have objective medical evidence, we must also have evidence that establishes a maladaptive pattern of substance use and the other requirements for diagnosis of a Substance Use Disorder(s) in the DSM. This evidence must come from an acceptable medical source.

SSR 13-2p, 2013 WL 621536, at *10 (footnote omitted, emphasis supplied).

In reaching his conclusion that the plaintiff had a contributing drug and addiction problem, the ALJ relied on two primary sources: records from Spectracare, a treatment facility, and records from Dr. King, a consultant psychologist, who saw the plaintiff on January 29, 2013, and gave an Axis I diagnosis of "Alcohol Dependence, impartial remission by self-report Cannabis Abuse, continuous." (R. at 588)

The plaintiff's first visit to Spectracare was on March 24, 2010. (R. at 481) At that time he self-reported substance abuse within the past 5 years, stating that until the age of 32 he abused alcohol but quit in 1995. (R. at 500) He admitted use of Cannabis since the age of 15 "once in a while. Not a habit." *Id.* This is what the ALJ said about the Spectracare records:

> The Spectracare record breaks the claimant's problems down. The problem list includes the following: alteration in mood - depression; post traumatic stress; and substance abuse. The diagnoses or problem list repeats with substance abuse a factor at each interaction. Each diagnosis was accompanied by a goal. For the substance abuse, the stated goal was eliminate substance abuse.

(R. at 77)

True enough. But what the ALJ didn't mention was the goal objective and completion criteria was "Remain abstinent . . ." (R. at 443, 445, 447, 453, 455, 457, 461, 464, 467, 469, 471, 473, 478, 480 and 490) In each instance, the report reflected that intervention was to "teach alternatives for stress coping and relaxation." Both the ALJ and Dr. King interpreted these records as indicating that the plaintiff continued to abuse substances. (R. at 587) But, at best, these records are ambiguous because they can also be construed as stating that Mercer remained abstinent even though he had abused substances in the past.

Moreover, it appears that the source of Spectra care's conclusion about the plaintiff's abuse was the plaintiff. And a close review of the Spectracare records reveal that the staff was much more concerned about the the plaintiff's psychological problems. At intake, a summary of his clinical needs was stated as "psychiatric, emotional/psychological, thinking, SA (occasional cannabis), anxiety, coping skills, problem-solving skills." (R. at 489) In short, the ambiguity of the Spectracare records calls for the need to further develop and clarify the medical evidence.

And in that regard, there is another obvious failing in the ALJ's review of the record in this case, a record which casts doubt on the finding that the plaintiff is abusing drugs in a manner which "establishes a maladaptive pattern of substance use." SSR 13-2p, 2013 WL 621536, at *10.

On October 1, 2012 Mercer was seen in the ER with complaints of suicidal thoughts. (R. at 554)

> Mr. Mercer is a 50 year old, single, white male with a reported history of bipolar disorder who admits to a depressed mood and suicidal ideation. He came in extremely depressed, angry, irritable, experiencing thoughts of wanting to overdose on medications . He reports that he has been diagnosed with bipolar and has not been taking medications.

Blood and urine tests were completed which showed negative for "drugs of abuse" including cannabis. (R. at 562) His blood alcohol level was 1. (R. at 560)

On January 16, 2013, Mercer presented to the ER complaining of depression. (R. at 531) And, once again the ER doctor ordered blood tests which were negative for amphetamines and barbiturates (R. at 534), as well as other "drugs of abuse" including cannabis. (R. at 535) The report states that "An 80 mg/dl alcohol level is equivalent to the state defined level of intoxication." (R. at 546) Mercer's alcohol level on this date was 2. (R. at 545)

On May 6, 2013, December 12, 2013, and June 11, 2014, Mercer was seen at Baptist Medical Center at which times his urine drugs screen shows negative for "drugs of abuse." (R. at 657, 718 and 730)

While these drug screens certainly do not show that Mercer is not abusing drugs, they surely strongly suggest that his use is not a maladaptive pattern. And, while the ALJ mentions some of Mercer's several visits to the ER, he did not mention these screens in his decision. In short, the ALJ failed to consider all of the

9

medical evidence.  For these reasons, the court concludes that this case must be remanded to the Commissioner for further development consistent with the requirements of the applicable regulations and rulings, taking into consideration of all of the evidence and resolving any ambiguities concerning the plaintiff's alleged drug or alcohol abuse.

A separate final judgment will be entered.

It is further

ORDERED that, in accordance with *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1278 fn. 2 (11th Cir. 2006), the plaintiff shall have sixty (60) days after he receives notice of any amount of past due benefits awarded to seek attorney's fees under 42 U.S.C. § 406(b).  *See also Blitch v. Astrue*, 261 Fed. Appx. 241, 242 fn.1 (11th  Cir. 2008).

Done this 26th day of April, 2018.

_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE